PAUL OFFRICHT v. THE STATE.

No. 3486.  Decided March 31, 1915.

**1.—Theft—Bailment—Information.**

Where, upon trial of theft by bailment, the complaint and information failed to charge a contract of hiring, borrowing or some other bailment as a predicate, the same was insufficient on motion to quash.

**2.—Same—Insufficiency of the Evidence.**

Where, upon trial of theft by bailment, the evidence failed to show theft by conversion under said bailment, the conviction could not be sustained.

Appeal from the County Court of Hunt.  Tried below before the Hon. H. O. Norwood.

Appeal from a conviction of theft by bailment; penalty, a fine of $10. The opinion states the case.

*Neyland & Neyland,* for appellant.—On question of insufficiency of information:  Colwell v. State, 34 S. W. Rep., 615; Simpson v. State, 96 S. W. Rep., 925; Northcutt v. State, 60 Texas Crim. Rep., 259; 131 S. W. Rep., 1128.

On question of insufficiency of evidence:  Colwell v. State, 34 S. W. Rep., 615; Simpson v. State, 96 S. W. Rep., 925.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of theft by bailment under the following complaint and information. The two instruments being the same, only the charging part from the complaint is copied. It charges that appellant "did . . .. then and there having possession of $3 in lawful money of the United States, of the value of $3, then and there the property of James Stacy, by virtue of an attempted purchase and sale of merchandise by the said James Stacy from the said Paul Offricht, in which the said Paul Offricht took possession of the said money on said sale and trade where there was a misunderstanding as to the price to be paid for the goods, and that all of said goods were then surrendered to the said Paul Offricht by the said James Stacy, and the said Paul Offricht refused to return the said $3 to the said James Stacy, and did then and there unlawfully, and without the consent of the said James Stacy, the owner thereof, fraudulently convert said $3 to his, the said Paul Offricht, own use and benefit, and with the intent then and there to deprive the said James Stacy, the owner thereof, of the value of the same, against the peace and dignity of the State."

In order to convict appellant of theft by conversion there must be a contract of hiring, borrowing or some other bailment as a predicate. Motion was made to quash the complaint and information because they did not so charge. We are of opinion this contention is correct. The complaint and information neither charged directly nor indirectly a bailment, nor did they charge a contract of hiring or borrowing; in fact, both instruments charged that the money passed from Stacy to appellant on a sale and purchase, which resulted in trouble between them, and sale passed out or was practically rescinded. This was not a bailment; did not create any character of agency, nor is any fact set up which would create a bailment. Quite a number of objections and contentions are urged against the conviction. The bills of exception are seven in number. It is not the purpose of this opinion to review these exceptions. Some of them are well taken. They are not noticed because the evidence does not show a theft by conversion. The State's case may be stated from the testimony of James Stacy, the alleged injured party. His residence was in Hopkins County, but he and his brother had been in Baylor County during the months of October, November and December picking cotton, and were on their return by way of Commerce to their home. They stopped in Greenville on the 18th day of December, went into appellant's store and looked at and priced some clothing. Stacy, after examining through the stock, found a suit of clothes which pleased him. It was marked $10.48. He offered appellant $7.50 for the suit. The appellant insisted, however, on $8.50 for the suit. He says that after quite a while defendant agreed to take $8 for the suit. He and his brother left the store, after walking around the town, returned to appellant's store and told him that he would take the suit at $8 if he would have the pants cut to fit. The

pants were not hemmed but were stitched around the bottom. The defendant agreed to have the pants made to fit and did so. Stacy then asked appellant to throw in a belt, which he did. He also bought a suit of underwear, for which he was to pay 75 cents. He put on the underclothing and the suit and pulled out his money in payment and passed it to appellant, consisting of a five dollar bill, a one dollar bill and three dollars in silver. This made nine dollars. Appellant contended his price was $8.50 for the suit and 75 cents for the underwear, which made $9.25. Stacy contended that he was to get the suit for $8, underclothing at 75 cents, and that appellant owed him 25 cents. Stacy says upon this disagreement he pulled off the clothes and appellant handed him back $6, retaining three dollars of the money. Stacy says, "we argued for a while, and I picked up the two bills, the five dollar bill and the one dollar bill, and told him that the clothes were not mine, took the clothes and underwear off, and laid them on the counter, and put on my old clothes, and asked him for the three dollars back which he had picked up, and defendant said, 'No, you don't get it back, I will have to charge you the three dollars for my time, and because I had to cut the pants off.'" Appellant refused to return the three dollars. Subsequently, appellant did tender him back two dollars of the money.

Without going into detail on the State's side of the case, the above sufficiently shows the incriminating evidence, if there be any. The defendant's case is made by his testimony and that of two of his clerks. It is sufficient to take the defendant's statement as to his side of the matter. He agreed substantially with the witness Stacy as to the trade, but disagreed with him as to the amount agreed upon, his contention being that it was $8.50 for the suit and 75 cents for the underwear, making $9.25. Stacy went away and came back in appellant's absence, but his clerk Germany called his attention to the fact that Stacy wanted the suit and he went back to where Stacy was and had the pants cut to suit Stacy, and on the request or demand of Stacy threw in a belt. The reason for cutting the pants was, they were too long for Stacy. Stacy put on the clothes, but when they had a difference as to the price Stacy pulled off the clothes and placed them on the counter. He agrees that he kept three dollars, thinking that he had a right to do so under the circumstances, because he had been damaged he thought that much, as the suit of clothes had been placed in a position by the peculiar length of the pants that he could not sell them or it would be a difficult matter, the length of the pants being cut down to thirty inches, which was an unusual size. He says after looking into the matter he thought perhaps he had not been damaged as much as three dollars and tendered back to Stacy two dollars, retaining one. However, the two dollars was tendered back after the criminal prosecution was instituted. He testified also that he acted in good faith with Stacy and believed honestly he had the legal right to charge him up with the damage to the suit of clothes, and because he believed that Stacy was trying to make him sell him the suit of clothes at a price that he had never agreed to take.

He is sustained in this by the testimony of Max Unice and Will Germany. Under the facts we are of opinion that theft by conversion is not shown.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*